FILED

CENTER FOR DISABILITY ACCESS
Raymond G. Ballister, Jr. SBN 111282
Phyl Grace, Esq., SBN 171771
9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
PhylG@potterhandy.com

Attorneys for Plaintiff

2012 OCT 19  PM 12: 09

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF
LOS ANGELES

BY _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# (EASTERN DIVISION)

| | |
|---|---|
| **Suzannia Holden**, <br><br> Plaintiff, <br><br> v. <br><br> **Greyhound Lines, Inc.**, a Delaware Corporation; and DOES 1-10, <br><br> Defendant. | Case No. EDCV12-1814-TJH (DTBx) <br><br> **Complaint For Damages And Injunctive Relief** for violations of the American with Disabilities Act; Unruh Civil Rights Act; California Disabled Persons Act <br><br> **Demand for Jury** |

Plaintiff Suzannia Holden complains of Defendant Greyhound Lines, Inc. and DOES 1-10, and alleges as follows:

**PARTIES:**

1. Plaintiff is a resident of La Verne, California. She has muscular dystrophy, cannot walk, and uses a wheelchair for mobility.

2. Defendant Greyhound Lines, Inc. ("Greyhound") is a Delaware corporation, with its principal place of business in Dallas, TX. Greyhound is licensed to do business in California.

1

Complaint



**JURISDICTION & VENUE:**

3.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343 for violations of the American with Disabilities Act.

4.   Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that this judicial district is where a substantial part of the events or omissions giving rise to the claim occurred.

**FACTUAL ALLEGATIONS:**

5.   Defendants operate "over-the-road bus" services also called "OTRB" services.

6.   For the last three years, the plaintiff has travelled on a regular basis between her residence in La Verne, California to her mom's home in Barstow, California. She travels primarily by Greyhound. Due to her disability and the use of a wheelchair, the plaintiff needs a wheelchair accessible bus. The plaintiff has learned that she needs to make reservations with Greyhound 48 hours in advance to be able to use an accessible bus.

7.   On or about December 18, 2011, the plaintiff was scheduled to travel by Greyhound from Barstow to Claremont, California. She had made reservations for an accessible bus more than 48 hours prior to her trip. Her bus was schedule to depart at 2:55 p.m.

8.   That 2:55 p.m. bus arrived but the bus operator informed her that the wheelchair lift was not operational. She could not board. She was told to wait for the next bus.

9.   The plaintiff then waited for the next Greyhound bus. Although the plaintiff does not remember the exact time of the day that this bus arrived, she recollects it was several hours later. The driver of the second bus informed the plaintiff that the bus was too full and that she would have to wait for the 9:00 p.m. bus. She could not board.

Complaint

10. The plaintiff then waited for the 9:00 p.m. bus. When it arrived, the plaintiff was informed by the driver that while he had room, he did not have a lift. Fortunately, there was a second bus there at the same time travelling the same route and it did have a lift. The lift-equipped bus was full, however, and to accommodate the plaintiff, about six passengers would have to have moved from the lift-equipped bus to the non-lift equipped bus. The driver of the lift-equipped bus refused to make this accommodation.

11. The plaintiff called Greyhound and was told by a Greyhound person on the phone to tell the driver to have the passengers move from the lift-equipped bus to the not-full, non-lift-equipped bus. The plaintiff relayed this information but the bus driver refused. Despite begging and pleading, the busses left at or around 9:45 p.m., leaving the plaintiff.

12. Everything was closed. There was no accessible public transportation available. The plaintiff was forced to travel in her wheelchair all the way to her mom's house which took her about an hour. It was raining and it was cold.

13. This is not the first such occasion where the plaintiff was unable to board a properly scheduled and reserved bus ride from Greyhound because the defendants failed to arrive with a working, accessible bus. There have been six prior such occasions during the statutory period where the plaintiff was unable to ride on a reserved bus trip due to the lack of an accessible bus. This was the last straw.

14. The plaintiff suffered emotional distress, frustration, embarrassment, and anger over the treatment that she received by the defendants.

## I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (On behalf of plaintiff and against all defendants (42 U.S.C. section 12101, et seq.)

15. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

16. No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of specified public transportation services provided by a private entity that is primarily engaged in the business of transporting people and whose operations affect commerce. 42 U.S.C. § 12184(a).

17. The regulations implementing 42 U.S.C. § 12184(a) are found at 49 C.F.R., part 37. These regulations took effect with respect to large operators on October 30, 2000, and to small operators on October 29, 2001. On information and belief, Defendant Greyhound is a "large operator."

18. All over-the-road, fixed route transportation providers that have purchased or leased new vehicles since the effective dates above have been required to purchase or lease accessible buses. 49 C.F.R. § 37.183. For large operators, half of their bus fleet was required to be accessible by October 30, 2006, unless an extension was requested. 49 C.F.R. § 37.185.   On information and belief, Defendants have not acquired accessible buses as required by the regulations.

19. Until all buses in an operator's fleet are accessible, OTRB transportation providers must make accessible buses available on request. 49 C.F.R. § 37.193(a)(1). The operator may require up to 48 hours advance notice to provide this service. 49 C.F.R. § 37.193(a)(1)(I).

20. Despite the fact that the Plaintiff made requests for accessible bus services 48 hours or more in advance and, Defendants failed to provide accessible buses.

21. Wheelchair lifts are required to be maintained and inspected to ensure they are operative, and buses with inoperative lifts are to be taken out of service for maintenance. 49 C.F.R. § 37.203.

22. On information and belief, during the incidents described in this Complaint, and at other times, Defendants failed to inspect and maintain bus lifts to ensure they were operative and failed to take buses with inoperative lifts out of service.

23. Unlawful discrimination under the regulations includes, without limitation: (1) Denying transportation to passengers with disabilities;   (2) requiring or

4

Complaint

requesting a passenger with a disability to reschedule his or her trip, or travel at a time other than the time the passenger has requested; (3) failing to provide reservation services to passengers with disabilities equivalent to those provided other passengers; and (4) failing or refusing to comply with any applicable provision of the regulations. 49 C.F.R. § 37.207.

24. Defendants, through their actions described in this Complaint, engaged in unlawful discrimination prohibited by 49 C.F.R. § 37.207.

25. All bus drivers are required to receive training in proper operation and maintenance of accessibility features and equipment, boarding assistance, securement of mobility aids, sensitive and appropriate interaction with passengers with disabilities, handling and storage of mobility devices, and familiarity with the requirements of the regulations. 49 C.F.R. § 37.209. OTRB operators shall provide refresher training to personnel as needed to maintain proficiency. *Id.* Entities which operate fixed route systems shall ensure that personnel are trained to proficiency, as appropriate to their duties, so that they operate vehicles and equipment safely and properly assist and treat individuals with disabilities who use the service in a respectful and courteous way, with appropriate attention to the difference among individuals with disabilities. 49 C.F.R. § 37.173.

26. On information and belief, during the incidents described in this Complaint, Defendants failed to provide appropriate training as required by the regulations.

## II.   SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of plaintiff and against all defendants) (Cal Civ § 51-53)

27. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

28. A violation of the ADA is a violation of the Unruh Civil Rights Act. Cal. Civ. § 51(f).

Complaint

III.    **THIRD CAUSE OF ACTION: VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT** (On behalf of plaintiff and against all defendants) (Cal Civ.§ 54-54.8)

29. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

30. A violation of the ADA is a violation of the Disabled Persons Act. Cal. Civ. 54.1(d).

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act and/or the California Disabled Persons Act which damages provide for actual damages and a statutory minimum of $4,000 per offense. Note: a plaintiff cannot recover under both acts, simultaneously, and an election will be made prior to or at trial.

3. Reasonable attorneys' fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code §§ 52 and 54.3.

Dated: September 13, 2012                 CENTER FOR DISABILITY ACCESS


By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

6

Complaint

**DEMAND FOR JURY TRIAL**

    Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated: September 13, 2012          CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

7

Complaint